IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR-21-167 |
| ASOMAH MAAMAH | * | |
| Defendant | * | |

* * *

## **ORDER**

Pending before the Court is defendant Asomah Maamah's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C.§3582(c). ECF No. 138. On January 30, 2023, the Government responded in opposition to the motion for compassionate release. ECF No. 153. The Defendant failed to file a reply. The motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rules 105.6, 207(D.Md.2021).  For the reasons set forth below the motion will be denied.

Motions for compassionate relief are governed by 18 U.S.C.§3582(c)(1)(A). Under this section, a District Court may modify a sentence imposed after a conviction when "extraordinary and compelling reasons warrant such a reduction" and the Court has considered the sentencing factors set forth in section §3353(a) to the extent that they are applicable.  A defendant may move for compassionate release only after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after a lapse of thirty (30) days from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. See 18 U.S.C.§3582(c)(1)(A).

In the present case the Defendant has failed to satisfy the administrative exhaustion requirements. Specifically, he has failed to provide any corroboration of exhaustion of

administrative rights.  Indeed, the Government in its opposition indicated that it "communicated with a Reduction in Sentence Coordinator who searched the BOP records for the Defendant and stated no record exist that the Defendant submitted a request directly to the Warden or through the proper channels".  See Government opposition p.7 Ex. C.  As a result, for this reason alone the motion will be denied.[1]

      For the aforementioned reasons the motion will be denied.

SO ORDERED this 18th day of April 2023.

                                                                                        /s/
                                                                                George L. Russell, III
                                                                                United States District Judge

---

[1] The Court need not review the other §3553(a) factors to determine if the Defendant has met his burden related to the relief requested.